|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT | |
| | DISTRICT OF NEVADA | |
| | * * * | |
| ARTHUR LEE GARRISON, | | Case No. 3:18-cv-00389-MMD-WGC |
| | Plaintiff, | ORDER |
| v. | | |
| NEVADA DEPARTMENT OF CORRECTIONS, *et al.*, | | |
| | Defendants. | |

This action began with a pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. Plaintiff has submitted two applications to proceed *in forma pauperis*. (ECF Nos. 1, 7.) Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee in this matter. Plaintiff also filed a motion for clarification on the status of his application to proceed *in forma pauperis*. (ECF No. 10.) The Court denies this motion as moot in light of this order.

The Court entered a screening order on September 12, 2019. (ECF No. 5.) The screening order imposed a 90-day stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF Nos. 5, 9.) Following the initial 90-day stay, Plaintiff filed two motions requesting that the Court extend the stay to allow for further settlement discussions. (ECF Nos. 15, 16.) The Court granted Plaintiff's motions and extended the stay until January 10, 2020. (ECF No. 19.) The stay has now expired, and the Office of the Attorney General has filed a status report indicating that settlement has not been reached and informing the Court of its intent to proceed with this action. (ECF No. 23.)

Plaintiff has filed a motion for appointment of counsel. (ECF No. 11.) A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims.

*Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.* In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. The Court denies the motion for appointment of counsel without prejudice.

Plaintiff filed a motion titled "motion on mediation and filing fee." (ECF No. 20.) In the motion, Plaintiff alleges that the Attorney General's Office did not appear interested in negotiation during their mediation session. The Court construes the motion as a request that the Court order the Attorney General's Office to participate in another mediation session. The Court denies this motion. The parties may continue to pursue settlement privately if they so choose.

Plaintiff also filed a motion titled "motion for to get properly treated due to lawsuit discrimination." (ECF No. 21.) In the motion, Plaintiff alleges that Doctor Adalmson, who is not a party to this action, has been refusing to properly treat his pain. (*Id.* at 2–6.) The motion also alleges that Plaintiff has been improperly transferred between prisons. (*Id.*) The Court construes this as a motion for a preliminary injunction.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting

*Winter*, 555 U.S. at 20). Furthermore, a "court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

Plaintiff's allegations in his request for a preliminary injunction (ECF No. 21) relate to an individual who is not a party to this case and claims that are not pled in the complaint. As such, the Court does not have the authority to issue an injunction based on these allegations, and the court denies Plaintiff's request for a preliminary injunction without prejudice.

For the foregoing reasons, it is therefore ordered that:

1. Plaintiff's second application to proceed *in forma pauperis* (ECF No. 7) is granted. Plaintiff's first application to proceed *in forma pauperis* (ECF No. 1) is denied as moot. Plaintiff will not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

2. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* will not extend to the issuance and/or service of subpoenas at government expense.

3. Pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (Arthur Lee Garrison, #56629), in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of the Court will also send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

///

4. The Clerk of the Court will electronically serve a copy of this order and a copy of Plaintiff's complaint (ECF No. 6) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

5. Service must be perfected within 90 days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

6. Subject to the findings of the screening order (ECF No. 5), within 21 days of the date of entry of this order, the Attorney General's Office will file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service; and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office will file, under seal, but will not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office must attempt to obtain and provide the last known physical address(es).

7. If service cannot be accepted for any of the named defendant(s), Plaintiff must file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff must provide the full name and address for the defendant(s).

8. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) must file and serve an answer or other response to the complaint (ECF No. 6) within 60 days from the date of this order.

9. Plaintiff will serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff must include with the original document submitted for filing a certificate stating the date that a true and correct copy of the

document was mailed or electronically filed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff will direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

10. This case is no longer stayed.

11. Plaintiff's motion for clarification regarding his application to proceed *in forma pauperis* (ECF No. 10) is denied as moot.

12. Plaintiff's motion for appointment of counsel (ECF No. 11) is denied without prejudice.

13. Plaintiff's motion to require the Attorney General's Office to participate in further mediation (ECF No. 20) is denied.

14. Plaintiff's motion for a preliminary injunction (ECF No. 21) is denied without prejudice.

DATED THIS 24th day of January 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT COURT