1

2

3

4

5        **UNITED STATES DISTRICT COURT**
         **DISTRICT OF NEVADA**

6

7   ARTHUR LEE GARRISON,                    Case No.: 3:18-cv-00389-MMD-WGC

8          Plaintiff,                              **ORDER**

9   v.                                        Re: ECF No. 52

10  NEVADA DEPARTMENT OF
    CORRECTIONS, *et al.*,

11

12         Defendants.

13

14          Before the court is Plaintiff's Motion for Appointment of Counsel (ECF No. 52 ). Plaintiff

15  bases his motion on the fact that (1) he is unable to afford counsel, (2) the substantive issues and

    procedural matters in this case are too complex for Plaintiff's comprehension and abilities, (3) his
16
    incarceration will greatly limit his ability to effectively litigate his case, and (4) Plaintiff has made
17
    repeated efforts to obtain a lawyer.
18
            While any *pro se* inmate such as Mr. Garrison would likely benefit from services of
19
    counsel, that is not the standard this court must employ in determining whether counsel should be
20
    appointed.  *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).
21
            A litigant in a civil rights action does not have a Sixth Amendment right to appointed
22
    counsel.  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  The United States Supreme
23
    Court has generally stated that although Congress provided relief for violation of one's civil rights

1  under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to

2  federal court and not a right to discover such claims or even to litigate them effectively once filed

3  with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

4          In very limited circumstances, federal courts are empowered to request an attorney to

5  represent an indigent civil litigant.  The circumstances in which a court will grant such a request,

6  however, are exceedingly rare, and the court will grant the request under only extraordinary

7  circumstances.  *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986);

8  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

9          A finding of such exceptional or extraordinary circumstances requires that the court

10 evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to

11 articulate his claims in light of the complexity of the legal issues involved. Neither factor is

12 controlling; both must be viewed together in making the finding.  *Terrell v. Brewer*, 935 F.2d 1015,

13 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Thus far, Plaintiff has shown an

14 ability to articulate his claims.

15         In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

16              If all that was required to establish successfully the
                complexity of the relevant issues was a demonstration of
17              the need for development of further facts, practically all
                cases would involve complex legal issues. Thus,
18              although Wilborn may have found it difficult to
                articulate his claims *pro se*, he has neither demonstrated
19              a likelihood of success on the merits nor shown that the
                complexity of the issues involved was sufficient to
20              require designation of counsel.

         The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying

21 the request for appointment of counsel because the Plaintiff failed to establish the case was

22 complex as to facts or law. 789 F.2d at 1331.

23

The substantive claims involved in this action are not unduly complex. Plaintiff's Complaint was allowed to proceed on the Eighth Amendment deliberate indifference to serious medical needs violations against Defendants Walls, Keast and NDOC medical director John Doe. (ECF No. 5 at 6.)

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claims.

The court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989). Thus, the court can appoint counsel only under exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den 130 S.Ct. 1282 (2010)]. Plaintiff has not shown that the exceptional circumstances necessary for appointment of counsel are present in this case.

In the exercise of the court's discretion, it **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 52).

**IT IS SO ORDERED.**

Dated: September 9, 2020.

William G. Cobb
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

3