# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ARTHUR LEE GARRISON,<br><br>  Plaintiff,<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>  Defendants. | Case No.: 3:18-cv-00389-MMD-WGC<br><br>**Order**<br><br>Re: ECF No. 68 |

Before the court is Plaintiff's "Motion for Leave to File 1st Amended Complaint to Add at Least 3 Defendants" (ECF No. 68). Plaintiff "seeks court's permission to amend for the first time." (*Id*. at 2.)

Plaintiff's "Motion for Leave to File 1st Amended Complaint to Add at Least 3 Defendants" (ECF No. 68) is **DENIED** without prejudice as this requires a motion to amend and the proposed amended complaint must accompany the motion to amend. Pursuant to Local Rule 15-1(a), amended pleadings require the following:

> "Unless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading. The proposed amended pleading must be complete in and of itself without reference to the superseded pleading and must include copies of all exhibit referred to in the proposed amended pleading."

Any motion for leave to file an amended complaint to add Defendants shall also address whether any claims alleged against the new Defendants Plaintiff seeks to add arise from subjects separate and distinct from those claims (i.e., alleged improper treatment of a broken arm) currently asserted by Plaintiff and which have been allowed to proceed against Dr. Walls and John Keast (ECF No. 5) or whether they arise from or are connected with the claims for relief currently asserted by Plaintiff.

The parties are advised that if the Plaintiff proceeds with a proper motion to amend accompanied by a proposed amended complaint, if the Defendants perceive any procedural or substantive deficiencies in either a revised motion to amend/proposed amended complaint, Defendants should voice those in a memorandum of points and authorities in response. The parties are further advised that if a motion to amend is filed, the court will likely have to screen Plaintiff's proposed amended complaint. This screening would have to be placed in line behind numerous other similar motions (and motions for summary judgment) currently pending in other cases on the court's docket. Thus, the filing of a proposed motion to amend would likely cause the court to vacate the current scheduling deadlines to be reset until after the court screens the proposed amended complaint. This could cause a considerable delay in resolving Plaintiff's action.

Last, Plaintiff is advised in response to his inquiry (ECF No. 68 at 2) that a "dispositive" motion is akin to a motion for summary judgment that has the potential, if granted, to resolve some or possibly all of the claims for relief in advance of trial.

**IT IS SO ORDERED.**

Dated: October 21, 2020.

_William G. Cobb_
William G. Cobb
United States Magistrate Judge