UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARTHUR LEE GARRISON,<br><br>    Plaintiff<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et. al.,<br><br>    Defendants | Case No.: 3:18-cv-00389-MMD-WGC<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF Nos. 71, 71-1 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's motion for leave to file a first amended complaint (FAC) (ECF No. 71) and proposed FAC (ECF No. 71-1). Defendants filed a response. (ECF No. 74.)

After a thorough review, it is recommended that Plaintiff's motion be denied.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 6.) The court screened Plaintiff's original complaint on September 12, 2019, and allowed him to proceed with Eighth Amendment deliberate indifference to serious medical needs claims against John Keast, Dr. Walls, and John Doe NDOC Medical Director. Plaintiff alleges that he suffers from a bone deformity in the left forearm/wrist and saw Dr. Walls for pain treatment in November of 2017, but Dr. Walls would not listen to Plaintiff or address his issues. While Dr. Walls suggested re-

breaking Plaintiff's arm, he then ignored Plaintiff. Plaintiff also avers that he was referred to a neurologist on January 10, 2018, and Keast was responsible for scheduling the referral, but as of August 15, 2018, Plaintiff was still waiting for treatment. Plaintiff alleges that he does not receive consistent treatment for pain management. He told the medical director about his ongoing issues, and Plaintiff was told he would be taken care of, but he is still in severe pain. (ECF No. 5.)

The initial scheduling order was entered on March 25, 2020, which set the deadline to add or join parties or to file an amended pleading at May 25, 2020. (ECF No. 33.)

On April 14, 2020, Plaintiff filed a motion to extend the timelines by 90 days because he was in quarantine at Lovelock Correctional Center (LCC) due to the Covid-19 pandemic. (ECF No. 34.) The court granted the motion and extended the discovery, dispositive motions and joint pretrial order deadlines to September 21, 2020, October 21, 2020, and November 20, 2020, respectively. (ECF No. 35.) The court did not extend the deadline to add or join parties or to amend a pleading, and Plaintiff did not subsequently seek to extend those deadlines.

On July 29, 2020, Plaintiff filed a motion to add Nurse Melissa Michaels as a defendant. (ECF No. 43.) On August 4, 2020, the court denied the motion without prejudice because Plaintiff did not file a motion for leave to amend and proposed amended pleading in compliance with Local Rule 15-1(a). The court advised Plaintiff that any motion for leave to amend to add Nurse Michaels as a defendant should also address whether any claims alleged against Nurse Michaels arise from subjects distinct from the claims proceeding against Keast, Dr. Walls and the John Doe Medical Director. (ECF No. 46.)

1    Dr. Walls was served on August 21, 2020. (ECF No. 51.) Plaintiff subsequently requested
2 an extension of the discovery deadline. (ECF No. 53.) On September 9, 2020, the court extended
3 the discovery deadline to November 9, 2020, and the dispositive motions deadline to
4 December 9, 2020. (ECF No. 54.) Dr. Walls filed a joinder to Keast's answer on
5 September 10, 2020. (ECF No. 56.)
6    On October 7, 2020, District Judge Du dismissed the NDOC medical director without
7 prejudice for lack of timely service under Federal Rule of Civil Procedure 4(m). (ECF No. 64.)
8    On October 28, 2020, Plaintiff filed this motion for leave to file the FAC and proposed
9 FAC. (ECF Nos. 71, 71-1.) In the proposed FAC, Plaintiff includes defendants John Keast,
10 Dr. Joseph Walls, Nurse Melissa Michaels, and Dr. Marsha Johns. Plaintiff again alleges that
11 Dr. Walls provided him with inadequate treatment and refused to recommend further medical
12 treatment. He also alleges that Nurse Michaels used his criminal record against him with
13 Dr. Walls, and Dr. Walls listened to her and as a result did not treat Plaintiff. Plaintiff then saw
14 Dr. Johns, and says that he had a good visit with her until he told her that he had filed a
15 grievance against Nurse Michaels. At that point, Dr. Johns told him not to file further grievances
16 against Nurse Michaels of the other nurses. Then, Plaintiff claims that Dr. Johns cut his
17 medication and left him to suffer in retaliation for his filing a grievance against Nurse Michaels.
18 Even though the NDOC medical director has been dismissed, Plaintiff mentions that Medical
19 Director Dr. Romeo Aranas, alleging that Dr. Aranas said he would fix everything, but did not.
20    The court subsequently extended the dispositive motions deadline to January 11, 2021.
21 (ECF No. 87.) Defendants Keast and Dr. Walls have filed a motion for summary judgment,
22 which is now fully briefed. (ECF Nos. 90, 96, 98.)
23

## II. DISCUSSION

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff was required to seek leave to amend.

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

Where a motion for leave to amend is filed after entry of the Rule 16 scheduling order deadline, the movant cannot "appeal to the liberal amendment procedures afforded by Rule 15." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). Instead, the movant must "satisfy the *more stringent* 'good cause' showing required under Rule 16." *Id.* (emphasis original). Rule 16 expressly states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order … will not be disturbed unless they evidence a clear abuse of discretion." *C.F. ex. rel. Farnan v. Capistrano Unified School Dist.*, 654 F.3d 975, 984 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1566 (2012).

"A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment … Rule 15." *Johnson v. Mammoth Recreations, Inc.*, 975 F.3d 604, 609

(9th Cir. 1992) (citation and quotation marks omitted) (emphasis added). "Unlike Rule 15(a)'s liberal amendment policy …, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id*. In other words, "'[t]he focus of the inquiry is upon the moving party's reasons for seeking modification.'" *Farnan*, 654 F.3d at 984 (quoting Johnson, 975 F.3d at 609). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

Plaintiff's motion for leave to amend was filed well beyond the scheduling order deadline to add or join parties and to amend a pleading. Plaintiff provides no explanation, let alone good cause, for seeking to amend his complaint at this late juncture. This complaint was originally filed in August of 2018, and was screened by the court in September of 2019. (ECF Nos. 1-1, 5.) In fact, Plaintiff filed a motion to add Nurse Michaels as a defendant in July of 2020, and the court denied the motion without prejudice, instructing Plaintiff that he had to file a motion for leave to amend and proposed amended complaint. (ECF Nos. 43, 46.) Plaintiff waited nearly three more months to file this motion for leave to amend.

The allegations of the proposed amended complaint reveal that Plaintiff knew about Nurse Michaels' and Dr. Johns' involvement long ago because the events giving rise to the proposed amended complaint took place contemporaneously with or in close proximity to the conduct that provides the basis for the original complaint. Plaintiff does not explain why he did not seek leave to amend earlier. In the absence of an explanation for seeking leave to amend at this stage of the proceeding, the court cannot find that Plaintiff has set forth good cause for allowing amendment beyond the scheduling order deadline.

Therefore, Plaintiff's motion for leave to amend should be denied and the case should proceed with the Eighth Amendment claim in the original complaint against Dr. Walls and Keast. The court will address the pending motion for summary judgment in due course.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion for leave to amend (ECF No. 71); and, directing that this case proceed on the Eighth Amendment claim in the original complaint against Dr. Walls and Keast.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: April 13, 2021

_____
William G. Cobb
United States Magistrate Judge